UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA SADIK,

       Plaintiff,                                            Case No. 14-14853

v.                                                                             Paul D. Borman
                                                                      United States District Court

FEDERAL HOME LOAN MORTGAGE
CORPORATION, CITIMORTGAGE, INC.,
AND KKJ INVESTMENT HOLDINGS, LLC,

       Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S MOTION TO DISMISS (ECF NO. 24)

This mortgage foreclosure action was originally filed in the 6th Circuit Court, County of Oakland, Michigan on August 4, 2014 against Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac"), Citimortgage, Inc. and KKJ Investment Holdings, LLC ("KKJ"). (ECF No. 1, Removal). On December 22, 2014, Defendant Freddie Mac removed the action to Court based on 12 U.S.C. § 1452(f) which allows Freddie Mac to remove any civil action in a state court to which Freddie Mac is a party to the United States District Court in the place where the action is pending. Defendant KKJ then filed a counterclaim against Plaintiff seeking to quiet title of the property at issue, discharge the Notice of Lis Pendens filed by Plaintiff, and requesting damages for Plaintiff's alleged slander of title and wrongful possession. (ECF No. 11).

Thereafter, on March 2, 2015, shortly after a substitution in Plaintiff's counsel, Plaintiff filed, through her new counsel, an Amended Complaint. (ECF No. 19). All of the Defendants have filed answers to the Amended Complaint. (ECF Nos. 20, 22, 23).

Now before the Court is Defendant Federal Home Loan Mortgage Corporation's ("Defendant Freddie Mac") Motion for Dismissal pursuant to Federal Rules of Civil Procedure 12(c) and 56 filed on March 31, 2015. (ECF No. 24). Plaintiff Linda Sadik, through counsel, filed a response on April 23, 2015. (ECF No. 25). Defendant Freddic Mac did not file a reply.

Having reviewed and considered the parties' briefs, the Court finds that the allegations and arguments are sufficiently set forth such that oral argument is not required. Therefore, the Court will decide the Defendant Freddie Mac's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(c) and 56 without oral argument. *See* ED Mich. LR 7.1(f)(2).

## I. FACTUAL BACKGROUND

Plaintiff and her now deceased husband, Allen Sadik (collectively, "Sadiks") purchased property located at 2721 Greenlawn Avenue, Commerce Township, Michigan (the "Property"), on November 18, 1999 and recorded the deed in Liber 21006, Page 32 in the Oakland County Records on January 21, 2000. (Am. Compl. ¶ 8).

In 2004, the Sadiks refinanced the Property, and issued a Promissory Note to ABN AMRO Mortgage Group, Inc. ("AMRO") for the amount of $238,650.00 which was secured by a mortgage (the "Mortgage") on the Property that was recorded on June 7, 2004 in Liber 33424, Pages 475-494 of the Oakland County Records. (*Id*. ¶ 9, Ex. 2, Mortgage). The Promissory Note provided that the loan must be repaid on or by June 1, 2009. (Ex. 2, at 1). The Mortgage contained also contained a "balloon rider" that allowed the Sadiks to refinance or obtain a new loan with a maturity date of 2034 if certain conditions were met. (*Id*. at 13). Sometime thereafter, Defendant Citimortgage obtained the mortgage from AMRO. (*Id*. ¶ 10). Plaintiff alleges this transfer was not recorded. (*Id*. 11-12).

In 2006, Plaintiff's husband passed away. (*Id*. ¶ 16). Some time thereafter, Plaintiff allegedly contacted Defendant Citimortgage and requested a loan modification. (*Id*. ¶ 21). Plaintiff alleges that she was advised to continue to make her monthly payments while the loan modification was "worked out". (*Id*. ¶¶ 21-23). In March 2014, Defendant Citimortgage rejected her payment and Plaintiff became aware that Defendant Citimortgage may have "converted some or all of the loan payments" she made from May 2009 through March 2014. (Am. Compl. at ¶¶ 23-28). Plaintiff also alleges that Defendant Citimortgage made numerous mistakes in applying her payments, miscalculations regarding her account, and inexplicable charges for, inter alia, inspections, appraisals, attorney fees, as well as "multiple fraudulent charges" for escrow advances. (*Id*. at ¶¶ 29-30).

Plaintiff alleges that Defendant Citimortgage began foreclosure proceedings against Plaintiff and the Property which ultimately resulted in a Sheriff's Sale on February 4, 2014. (*Id*. ¶ 32). Plaintiff alleges that Defendant KKJ Investment Holdings, LLC ("KKJ") purchased the Property at the Sheriff's Sale for a price of $233, 170.25. (*Id*. ¶ 33).

After the six month statutory redemption period expired on August 4, 2014, "Ralph Roberts Realty" filed an eviction proceeding in 52-1 District Court in Novi, Michigan against Plaintiff. (*Id*. ¶ 35). At some point Defendant KKJ intervened as a plaintiff in that eviction proceeding. (*Id*. ¶ 36). The eviction proceeding was then stayed pending the resolution of this case. (*Id.*).

Plaintiff sets forth six counts in her Amended Complaint: (1) "Order setting aside wrongful foreclosure sale, quieting title, reinstating mortgage and restoring purchase price to KKJ"; (2) Breach of Contract; (3) Promissory/Equitable Estoppel; (4) Embezzlement and/or

Conversion; (5) Fraud; and (6) Unjust Enrichment. Each of the first five counts only reference Defendant Citimortgage in the respective requested relief, while Count VI seeks damages from both Defendants Citimortgage and KKJ (*see* Am. Compl. ¶¶ 88-91).

## II. STANDARD OF REVIEW

"Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same de novo standards as motions to dismiss pursuant to Rule 12(b)(6)." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (citing *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005)). Indeed, "the legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same ..." *Lindsay v. Yates*, 498 F.3d 434, 437 n. 5 (6th Cir. 2007). Therefore, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Dev. Co. v. Chesapeake*, 636 F.3d 235, 240 (6th Cir. 2011) (citation omitted). The Sixth Circuit has explained that:

> Although a complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). And, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1949).

*Reilly v. Vadlamudi*, 680 F.3d 617, 622-23 (6th Cir. 2012).

In addition to Plaintiff's allegations in her amended complaint, the Court will consider Exhibit A attached to Defendant's motion to dismiss as well as the two exhibits attached to

Plaintiff's Amended Complaint. Federal Rule of Civil Procedure 10(c) provides that any written instrument that is attached as an exhibit to a pleading "is a part of the pleading for all purposes". FED. R. CIV. P. 10(c). Therefore, the Mortgage and the 1999 warranty Deed are properly part of the pleadings and can be considered by the Court in its evaluation of a motion to dismiss pursuant to Rule 12(c). Additionally, Defendant Freddie Mac has attached a copy of the Promissory Note between Plaintiff, her husband, and AMRO that is referenced in the Amended Complaint and central to Plaintiff's claims. (Def.'s Mot., Ex. A; Am. Compl. ¶ 9). Although the Promissory Note not part of the pleadings, the Sixth Circuit has recognized that the "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in a plaintiff's complaint and are central to her claim." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (citation omitted). As the Promissory Note is referenced in Plaintiff's Amended Complaint and central to her claim the Court will consider the document in evaluating Defendant Freddie Mac's Motion to Dismiss.

Defendant Freddie Mac has also attached correspondence between Defendant Citmortgage and Plaintiff and a letter penned by Plaintiff's previous counsel to its Motion to Dismiss. (Def.'s Mot., Exs. B, C). The Court, however, declines to rely upon such evidence as those documents are well outside the pleadings and not necessary to the Court's analysis. Accordingly, the Court evaluates Defendant Freddie Mac's Motion to Dismiss pursuant to Rule 12(c) and not pursuant to Rule 56(a).

### III. ANALYSIS

Defendant Freddie Mac now requests this Court dismiss the current action for the reason that Plaintiff has failed to allege any facts or set forth any claims against it in her Amended

5

Complaint.  Defendant Freddie Mac notes that the Amended Complaint is comprised of six counts and ninety-one paragraphs but not a single paragraph makes any mention of Defendant Freddie Mac.  Further, Plaintiff's Amended Complaint does not seek any damages or relief from Defendant Freddie Mac.

Plaintiff does not dispute these facts.  In fact, Plaintiff's counsel candidly admits that: "[f]rankly, the undersigned counsel, who was not the original counsel who filed this lawsuit, is unclear as to why Freddie Mac was made a party." (Pl.'s Resp. at 1).  Plaintiff's counsel also admits that "there are no substantive claims against Freddie Mac". (*Id.*).  Plaintiff's counsel, however, refused to stipulate to Defendant Freddie Mac's dismissal unless the dismissal was without prejudice. (*Id.*).

Ostensibly because Plaintiff would not agree to a stipulated dismissal with prejudice, Defendant Freddie Mac brought the current motion.  Plaintiff now opposes the motion to the extent that a dismissal would be with prejudice reasoning "granting this relief would prejudice Plaintiff such that if, during the course of discovery, Freddie Mac is implicated by Citimortgage, Plaintiff would have no recourse against Freddie Mac." (*Id.*).

The Court finds that Plaintiff's argument is without merit.  Plaintiff has offered no theory, no reason, and has alleged zero facts that even implicate a cause of action against Defendant Freddie Mac.  Plaintiff's counsel has admitted that he has no idea why Defendant Freddie Mac was originally named a party in the original complaint.  Under these facts the Court finds that Defendant Freddie Mac has carried its burden under Federal Rule of Civil Procedure 12(c) and shown that Plaintiff's Amended Complaint fails to allege "sufficient factual matter" which if accepted as true would state a plausible claim to relief.  *See Iqbal*, 556 U.S. at 678.  In

fact, it is undisputed that Plaintiff has failed to state *any* facts or raise *any* claims against Defendant Freddie Mac in her Amended Complaint.

## IV. CONCLUSION

For all these reasons, the Court GRANTS Defendant Freddie Mac's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(c) and 56 (ECF No. 24) and DISMISSES Plaintiff's claims against Defendant Freddie Mac WITH PREJUDICE.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 14, 2015.

s/Deborah Tofil
Case Manager